UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

UNITED STATES OF AMERICA　　　　CASE NO.  3:22-CR-00183-01

VERSUS　　　　　　　　　　　　　JUDGE TERRY A. DOUGHTY

JACQUE PIERRE YOUNG (01)　　　　MAG. JUDGE KAYLA D.
　　　　　　　　　　　　　　　　MCCLUSKY

MEMORANDUM ORDER

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 55] filed by Defendant, Jacque Pierre Young ("Young"). Young bases his Motion on claims of ineffective assistance of counsel from his attorney. The Government filed a Response [Doc. No. 60]. Following a hearing on the matter, the Court took the issue under advisement and directed the parties to submit supplemental briefing [Doc. No. 65]. Young subsequently filed a Supplemental Brief [Doc. No. 69], and the Government filed a Response [Doc. No. 72].

For the reasons set forth herein, Young's Motion is **DENIED**.

## I.　BACKGROUND

On August 10, 2022, a federal grand jury returned a four-count indictment, charging Young with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(viii) ("Count I"), possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) ("Count II"),  possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count III"), and possession of a firearm in furtherance of a drug trafficking offense

in violation of 18 U.S.C. § 924(c)(1)(A) ("Count IV").[1] The Federal Public Defender's Office appointed Aaron Lawrence ("Mr. Lawrence") to represent Young.[2] On February 2, 2023,  pursuant to a written plea agreement, Young pled guilty to Counts I and IV of the indictment.[3]

The Presentence Investigation Report ("PSR") included a "Chapter Four Enhancement" ("§ 4B1.1") as a career offender and turned a score of thirty (30) to a score of thirty-seven (37) and added approximately 120 months to the sentence range Young was allegedly assured he would receive.[4] At the sentencing hearing on May 31, 2023, the Court allowed Young to address the Court.[5] In response, Young asserted that he had been assured no sentencing enhancement would be applied.[6] The Court indicated that it would review the application of the enhancement and continued the sentencing hearing.[7] On May 31, 2023, this Court sentenced Young to 264 months imprisonment as to Count I and 60 months imprisonment as to Count IV, for a total of 324 months, followed by five (5) years of supervised release.[8] All other Counts were dismissed at the sentencing hearing pursuant to the plea agreement.[9]

Moreover, at the sentencing hearing, the Government clarified that it was not pursuing a § 851 enhancement, which would have subjected Young to a higher statutory penalty, and Mr. Lawrence stated that the § 851 "was  the only item of

---

[1] [Doc. No. 1].
[2] [Doc. No. 12].
[3] [Doc. No. 25].
[4] [Doc. No. 31, ¶ 34].
[5] [Doc. No. 50, p. 3].
[6] [Id.].
[7] [Id. at p. 4].
[8] [Doc. No. 40].
[9] [Id.].

contention between Mr. Gaskins and I as to whether it would be the statutory enhancement" and "that was the representation I gave Mr. Young."[10] On June 14, 2023, Young appealed his sentence.[11] On February 2, 2023, the United States Court of Appeals for the Fifth Circuit affirmed Young's sentence.[12]

In the present Motion, Young alleges that Mr. Lawrence was legally ineffective by assuring Young, before the plea was taken, that he would not be subject to any enhancement for sentencing. He contends that, had he been properly advised, he would not have pleaded guilty because he was ultimately sentenced to 324 months' imprisonment, approximately ten (10) years more than he had anticipated.[13] Thus, he says, "the primary consideration of [Young] electing to plead guilty to Counts I and IV without going to trial was the negotiated fact that the government would not seek any enhancements to the statutory sentencing for Counts I and IV." [14]

Young's Motion was further heard via Zoom on February 6, 2026.[15] In his Post-Hearing Brief, Young highlights several facts elicited during the hearing. Specifically, Mr. Lawrence testified that he met with Young only three times throughout the course of his representation.[16] He further acknowledged that Young's case was his first federal criminal case and that he had not received any formal training in federal criminal practice.[17] Additionally, Mr. Lawrence was unable to recall the name of the

---

[10] [Doc. No. 50, pp. 4,7].
[11] [Doc. No. 42].
[12] [Doc. No. 54].
[13] [Doc. No. 55-1, p. 4].
[14] [Id. at p. 2].
[15] [Doc. No. 65].
[16] [Doc. No. 69, p. 3].
[17] [Id. at p. 5].

mentor he claimed to have consulted[18] and conceded that there may have been objections available that he failed to raise.[19] Young claims that Mr. Lawrence's most egregious behavior was "failing to acknowledge his continuing loyalty to Mr. Young," by contacting the Assistant United States Attorney outside of Young's current attorney, Justin Schmidt's ("Mr. Schmidt"), knowledge.[20] In Response, the Government argues that Young failed to show by a preponderance of the evidence that Mr. Lawrence was ineffective during the guilty plea and sentencing.[21] Moreover, Mr. Lawrence testified that he explained the difference between the Title 21 U.S.C. § 851 ("§ 851") and § 4B1.1 enhancements and advised him that § 4B1.1 was not a part of the plea agreement that could be negotiated, and that his criminal history would "absolutely" play a part in his sentence.[22]

The issues are briefed, and the Court is prepared to rule.

## II.    LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable in a § 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction

---

[18] [Id.].
[19] [Id. at p. 6].
[20] [Id. at p. 7].
[21] [Doc. No. 72, p. 13].
[22] [Doc. No. 67, p. 6].

to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a § 2255 motion is filed, the district court must first conduct a preliminary review. "If it 'plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.'" *Vargas v. U.S.*, 819 F. Supp.2d 366, 375 (S.D.N.Y. 2011) (quoting *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009)). An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629–30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637–38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a § 2255 proceeding). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or

resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citation omitted). But in *Massaro*, the Supreme Court held that "ineffective-assistance-of-counsel claims may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.*; *see also United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel).

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating the two-prong *Strickland* test); *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020) (same).

To demonstrate deficiency, Young must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To demonstrate prejudice, he must show "a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Porter v. McCollum*, 558 U.S. 30, 38–39 (2009). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. The defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

## III.    Analysis

Young's claims are best analyzed by grouping them into two categories: (1) ineffective assistance of counsel at the guilty plea stage and (2) ineffective assistance of counsel at the sentencing stage. The Court finds that Young has failed to establish either prong of the *Strickland* test, in that he has failed to establish either deficient performance or prejudice for any claim.

### A.    Guilty Plea

Prejudice in the context of guilty pleas "means there is a reasonable probability that the defendant 'would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Valdez*, 973 F.3d 396, 403 (5th Cir. 2020). However, "the conviction must be upheld if the plea was voluntary, even if counsel provided ineffective assistance." *United States v. Williams*, 116 F. App'x 539, 540 (5th Cir. 2004).

Young seemingly claims that he would not have pleaded guilty to Counts I and IV had he known his criminal history would be taken into account.[23] First, the record does not clearly establish the extent to which Mr. Lawrence explained the differences between the two enhancements to Young. Nevertheless, Mr. Lawrence advised Young that "his record and his prior convictions would absolutely be part of this equation."[24] Mr. Lawrence further testified that he never advised Young that the Government would refrain from pursuing a career-offender enhancement under § 4B1.1 because, as he explained, that determination was not subject to negotiation with the Government.[25] Further, at the guilty plea hearing, Young affirmed that he had sufficient time to discuss the case with his attorney, that no one had made any promises regarding the sentence he would receive, and that he understood he faced a statutory sentencing range of not less than ten (10) years and up to life imprisonment on Count I.[26] He further acknowledged that Count IV carried a mandatory minimum sentence of five (5) years and a maximum sentence of life imprisonment, to be imposed consecutively to any sentence imposed on Count I.[27] Mr. Lawrence further told Young that he would not receive the statutory enhancement under § 851 in which he would face no less than fifteen (15) years.[28]

Moreover, as to the execution of the plea agreement, official documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary

---

[23] [Doc. No. 69, p. 3].
[24] [Doc. No. 67, p. 6].
[25] [Id. at. p. 8].
[26] [Doc. No. 49, pp. 8–9].
[27] [Id.].
[28] [Doc. No. 67, p. 12].

weight." *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Young attested to the following:

> I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.[29]

Perhaps most telling, this Court found Young's plea was knowing and voluntary.[30]

Lastly, Young further contends that Mr. Lawrence's inexperience in federal court demonstrates ineffective assistance of counsel. The Court acknowledges that Mr. Lawrence's representation was less than perfect; however, the Court addresses only what is constitutionally compelled. "An attorney can render effective assistance of counsel even if he has had *no prior experience* in criminal advocacy." *United States v. Lewis*, 786 F.2d 1278, 1281 (5th Cir. 1986) (emphasis added) (citing *United States v. Kelley,* 559 F.2d 399, 401 (5th Cir.), *cert. denied,* 434 U.S. 1000 (1977)); *see also United States v. Greer*, 643 F.2d 280, 283 & n.9 (5th Cir. 1981) (applying the rule that inexperience alone does not render counsel ineffective to reject a claim that the trial judge intimidated the defendant's inexperienced counsel) (collecting cases), *cert. denied*, 454 U.S. 854 (1981); *Johnson v. Cain*, No. 08-4208, 2009 WL 2366385, at *5 (E.D. La. 2009) ("The mere fact that a licensed attorney lacks criminal law experience is not alone sufficient to support an ineffective assistance of counsel claim."). "An attorney's inexperience, standing alone, does not per se establish ineffective

---

[29] [Doc. No. 27, p. 6].
[30] [Doc. No. 49, p. 17].

assistance." *Rupert v. Johnson*, 79 F. Supp.2d 680, 702 (W.D. Tex. 1999) (citation omitted). Pursuant to the above, this argument fails.

Without more than an unsupported conclusory allegation regarding prejudice in that he would not have pleaded guilty, Young fails to provide any avenue for this Court to find his plea was involuntary. Accordingly, the Court finds that Young's guilty plea was entered knowingly and voluntarily and that no claim of ineffective assistance of counsel was evident at the plea stage.

### B. Sentencing

First, Young asserts that Mr. Lawrence's inexperience resulted in a longer sentence than Young otherwise would have received.[31] Second, Young argues that Mr. Lawrence's admission that additional objections may have existed but were not asserted constitutes ineffective assistance of counsel at sentencing.[32]

"In the context of sentencing, prejudice means that but for his counsel's error, his sentence would have been significantly less harsh." *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). The United States Sentencing Guidelines provide advisory guidelines that district courts consider when sentencing a defendant. In determining the applicable guideline sentencing range, the court considers the characteristics of the offense and the offender. Pursuant to § 4B 1.1(a):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the

---

[31] [Doc. No. 69, p. 11].
[32] [Id. at p. 12].

> defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B 1.1(a).

Young pleaded guilty to a felony-controlled substance offense. Young was twenty-nine years old at the time of the offense. Further, Young had previously been convicted of at least two felonies that are crimes of violence or controlled substance offenses. Therefore, Young is classified by the guidelines as a career offender. Young's PSR calculated his sentencing range as 262–327 months, and Young was sentenced to a total of 324 months for both Counts.

Young provides no evidence that the career offender enhancement was improperly applied. Nor does he identify any additional objection that could have been raised and that would have resulted in a lower sentence, such as a substantively incorrect PSR. Although the Court agrees with Young that it is best practice for counsel to thoroughly explain all applicable sentencing enhancements to their clients, Young's understanding of the career offender enhancement has no bearing on the applicable sentencing range, as the enhancement would have applied in any event. Regardless, Mr. Lawrence benefited Young by negotiating with the Government to forgo the pursuit of the § 851 enhancement. Had the enhancement been applied, Young would have faced a more severe sentence.

Even assuming *arguendo* that Mr. Lawrence did fail to object to the PSR, Young still fails to establish that he was prejudiced by this alleged error. For these reasons, the ineffective assistance of counsel claim fails at the sentencing stage as well.

## IV.    CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant Jacque

Pierre Young's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence [Doc. No. 55] is **DENIED.**

MONROE, LOUISIANA, this 5th day of June 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE